McDONALD, J.,
concurs:
1)While I agree with the conclusion reached by the majority based on the particular facts of this case, I do not agree that conspiracy to commit armed robbery can never be a predicate conviction for the charge of felon in possession of a firearm. The majority is correct that conspiracy to commit armed robbery does not, by definition, necessarily involve the possession or use of a dangerous weapon. The definition also does not necessarily involve the use, attempted use, or threatened use of physical force against the person or property of another.[1] Given certain facts, however, the act in furtherance of a conspiracy could very well be an act of violence that could be used as a predicate for a charge of a felon in possession of a firearm.
The underlying bill of information is of no assistance to us in making this determination. It gives no facts as to how or what was involved in the conspiracy. There is nothing in the record to support a finding that the predicate conviction involved acts of violence. However, I believe it would have been proper for the trial court to look beyond the bill of information and consider such facts if the district attorney had chosen to present them. The trial court presided over a preliminary hearing in which he found no probable cause for the charge based on the underlying charge of “conspiracy”. He did not hear the underlying facts of the “conspiracy” charge because none were presented. Had the underlying facts been presented they | .¿should have been considered. Additionally, responses to a request for a bill of particulars could also have been considered if they were in the record.
The state argues that the underlying facts involve three individuals who went into an establishment brandishing guns and robbed several individuals. Thus, the underlying predicate conviction involved acts of violence. While this argument might be persuasive, there are no facts in the record to support it. Argument is not evidence, and there is no evidence in the record to support this argument. The bill of information charges one count of conspiracy to commit armed robbery, five counts of armed robbery, one count of felony theft of a firearm, and one count of unauthorized use of an access card. These all occurred on the same date. As part of a plea agreement all but the conspiracy charge were dismissed. Thus, there is nothing in the charge for which the defendant was convicted to suggest that it involved any acts of violence. As additional confirmation for this argument, the state *247 suggests that the Boykin exam conducted at the time the defendant entered his plea to the conspiracy charge includes these specifics as the factual basis for the plea. Since the transcript of the Boykin exam from the conspiracy conviction was not entered into evidence in this case, it was unavailable for the trial court to review and is not available for us either.
For these reasons I respectfully concur.

. La. R.S. 14:2(B).